FILED '10 SEP 21 13:40 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HASHIBO DEWITT LACY,               )
                                   )
              Petitioner,          )        Civil No. 08-1300-AA
                                   )        OPINION AND ORDER
      vs.                          )
                                   )
BRIAN BELLEQUE, Superintendent,    )
Oregon State Penitentiary,         )
                                   )
              Respondent.          )
_____   )

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
      Attorney for petitioner

John R. Kroger
Attorney General
Jacqueline Kamins
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310
      Attorneys for respondent

AIKEN, Chief Judge:

      Pursuant to 28 U.S.C. § 2254, petitioner filed a petition

for writ of habeas corpus on October 31, 2008, against defendant

Brian Belleque, Superintendent of the Oregon State Penitentiary.
Petitioner's claims are denied and the petition is dismissed.

## BACKGROUND

On October 12, 2001, petitioner was convicted of the
following offenses:  Conspiracy to Commit Robbery in the First
Degree with a Firearm, Conspiracy to Commit Burglary in the First
Degree with a Firearm, two counts of Robbery in the First Degree
with a Firearm, two counts Robbery in the Second Degree with a
Firearm, Burglary in the First Degree with a Firearm, Unlawful
Use of a Weapon, Felony Fleeing or Attempting to Elude a Police
Officer, and Reckless Driving.

After an announcement of the verdict, petitioner moved for a
new trial alleging a juror had seen him in jail clothes and
shackles while being transported from the courthouse during
trial.  (Appellant's Br.:  Dir. Appeal, p. 17-20).  After
conducting a hearing, including interviewing the jurors, the
trial court learned that a juror had in fact seen petitioner in
jail clothes, and possibly in handcuffs. Id. at 17-20.  The juror
shared the observation with another juror and those comments were
then overheard by other jurors.  The jurors asserted the comments
were made in passing, prior to deliberations, and had no effect
on the decisions made by the jurors.  Id.  The trial court
concluded the jurors' testimony was credible and that petitioner
was not prejudiced.  The court found the juror's observation of

2 - OPINION AND ORDER

petitioner in jail clothes and possibly handcuffs harmless error as a matter of law, and therefore denied petitioner's motion for a new trial. Id. Petitioner was subsequently sentenced to a total of 240 months in the Oregon State Penitentiary.

Petitioner appealed his convictions on several grounds, including insufficiency of evidence on one count each Robbery in the First Degree with a Firearm and Robbery in the Second Degree with a Firearm ("counts 4 and 6," respectively). Counts 4 and 6 pertained to offenses against the victim Tara Killam ("Killam"). (Corrected Mem. of Law in Supp. of Pet. for Writ of Habeas Corpus, pp. 2-3, 10). Petitioner also appealed the denial of his motion for new trial. Id. The Court of Appeals affirmed without an opinion. Id. at 11. Petitioner then filed a "Petition for Review of the Decision of the Court of Appeals" with the Oregon Supreme Court where he again challenged the sufficiency of evidence for counts 4 and 6 and denial of a new trial. On May 24, 2005, the Oregon Supreme Court denied his petition for review. Id.

## DISCUSSION

Petitioner brings this federal habeas corpus proceeding challenging his jury trial convictions for counts 4 and 6, and for the denial of his motion for a new trial. Id. at 12. Petitioner alleges his federal constitutional due process rights were violated by insufficiency of evidence for counts 4 and 6.

3 - OPINION AND ORDER

He also alleges a due process violation for denial of his motion
for a new trial after a juror's observation, and subsequent
discussion with other jurors, of him in jail clothes and
handcuffs prior to jury deliberations.

A.    Standard of Review for Writ of Habeas Corpus

       Under the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), federal courts must afford state court factual
findings and legal rulings a defined measure of deference.  See
28 U.S.C. §§ 2254(d), (e).  A federal court may not grant a
habeas petition regarding any claim "adjudicated on the merits"
in state court, unless the state court decision "was contrary to,
or involved an unreasonable application of, clearly established
Federal Law, as determined by the Supreme Court," or "resulted in
a decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State Court
proceeding."  28 U.S.C. § 2254(d).  The Supreme Court construed
this statutory text as a "command that a federal court not issue
the habeas writ unless the state court was wrong as a matter of
law or unreasonable in its application of law in a given case."
Williams v. Taylor, 529 U.S. 362, 381 (2000).

       In sum, federal courts are prevented from granting habeas
relief to a state petitioner where the relevant decision is not
"contrary to" or "an unreasonable application of" Supreme Court
precedent.  Crater v. Galaza, 491 F.3d 1119, 1126 (9th Cir.

4 - OPINION AND ORDER

2007). Further, a "merely erroneous" state decision does not warrant relief unless it is also "'an *unreasonable application*' of clearly established federal law." <u>Early v. Packer</u>, 537 U.S. 3, 11 (2002)(emphasis in original).

B.  <u>Failure to Exhaust Claims of Insufficient Evidence on Counts</u>
    <u>4 and 6</u>

Respondent first asserts that petitioner's claim of violation of federal due process for insufficiency of evidence for counts 4 and 6 was not fairly presented to the state courts as required by the exhaustion doctrine, and cannot now be fairly presented. Therefore, respondent argues, petitioner's claims are procedurally defaulted. (Resp. to Pet'r's. Corrected Mem. Law in Supp. of Pet. for Writ of Habeas Corpus, p. 2).

Habeas petitioners are required to exhaust state remedies on all claims alleged in their § 2254 petition unless it appears there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). In order to properly exhaust state remedies, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). To "fairly present" a federal claim in state court, habeas petitions must "include reference to a specific federal constitutional

5 - OPINION AND ORDER

guarantee, as well as a statement of facts that entitle the

petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63

(1996). See also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

1999) (habeas petitioner must have "alert[ed] the state courts to

the fact that he was asserting a claim under the United States

Constitution"). The United States Supreme Court states:

> ordinarily a state prisoner does not 'fairly present'
> a claim to a state['s] [appellate] court if that court
> must read beyond a petition or a brief (or a similar
> document) that does not alert it to the presence
> of a federal claim in order to find material, such
> as a lower court opinion in the case, that does so.

Baldwin v. Reese, 541 U.S. 27, 32 (2004).

Hiivala also stated that, "the mere similarity between a claim of

state and federal error is insufficient to establish exhaustion."

Hiivala, 195 F.3d at 1106. The exhaustion requirement is not

"satisfied by the mere circumstance that the 'due process

ramifications' of an argument might be 'self-evident.'" Gatlin

v. Madding, 189 F.3d 882, 888 (9th Cir. 1999). See also Anderson

v. Harless, 459 U.S. 4, 7 (1982).

Reese held that petitioner did not "fairly present" his

federal claim to a state court because his petition did not

explicitly state his "ineffective assistance of appellate

counsel" claim "refer[red] to a federal claim" in addition to a

state claim. Reese, 541 U.S. at 33. The Court noted that

Reese's "petition refer[ed] to provisions of the Federal

Constitution in respect to *other* claims but not in respect to

6 - OPINION AND ORDER

th[at] one.   The petition provide[d] no citation of any case that

might have alerted the court to the alleged federal nature of the

claim." Id.

Similarly, in Duncan v. Henry, 513 U.S. 364 (1995), the

Court found the "respondent did not apprise the state court" that

one of his claims was a violation of both state law *and* 14th

Amendment due process when he "specifically rais[ed] a due

process objection before the state court based on a different

claim."  Id. at 365.   Duncan held that claim was not exhausted

because it had not been "fairly presented" to the state courts.

Id.

Petitioner here properly states that Oregon has adopted the

identical standard as that set forth by the Supreme Court in

Jackson v. Virginia, 443 U.S. 307 (1979).   In Jackson, the Court

provided that the relevant question when reviewing a sufficiency

claim is "whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime beyond a

reasonable doubt."  Id. at 324.   Petitioner argues that because

Oregon adopted the identical standard when reviewing a

sufficiency of evidence claim as that used for the federal claim,

the federal due process claims were necessarily fairly presented.

Petitioner relies on the holding of Sanders v. Ryder, 342 F.3d

991 (9th Cir. 2003), where a pro se petitioner exhausted claims

when he used "ineffective assistance of counsel" three times in
his brief, and specifically cited Supreme Court case law in his
reply to respondent's response brief.  Id. at 999-1000.

However, unlike the petitioner in Sanders, petitioner here
is represented by counsel.  Further, Sanders did cite to Supreme
Court precedent, alerting the court to petitioner's reliance on
federal law.  Id.  Petitioner here failed to do so.  Moreover,
like Reese and Duncan, petitioner specifically alerted the state
court to claims of federal due process violations on some issues
(including denial of his motion for a new trial), but not with
respect to counts 4 and 6.  See Appellant Br.:  Dir. Appeal, pp.
7-13, 21.  For counts 4 and 6, petitioner stated insufficiency of
evidence claims arising under Oregon law and cited only Oregon
cases.  See generally, Id. at 7-13.  While Oregon has, in fact,
adopted the identical standard as Jackson to determine
sufficiency of the evidence, it has done so in its application of
review of sufficiency of evidence claims that arise under state
law.  Petitioner appealed claims of insufficiency of the evidence
in Oregon state courts, citing Oregon statutes and Oregon case
law.  Such claims do not automatically alert the state courts to
a federal claim of due process violation on the same grounds.
This is especially true when petitioner alerted the courts to
state and federal violations with respect to other claims.

Therefore, the claims argued by petitioner regarding counts

8 - OPINION AND ORDER

4 and 6 were not "fairly presented" to Oregon's state courts during his direct appeal proceedings.  Thus he failed to exhaust state remedies as required by 28 U.S.C. § 2254.  Petitioner is now barred under Oregon law from filing any additional direct appeals, and therefore cannot "fairly present" his claim to Oregon's state courts in a context where their merits will be considered.  Petitioner has procedurally defaulted his claims and therefore his habeas corpus petition regarding counts 4 and 6 is dismissed.

Even, however, were this court to consider the merits of petitioner's claim, petitioner's claim fails because Oregon state courts have previously determined that a reasonable juror could have concluded beyond a reasonable doubt that the elements of the crimes for which petitioner was convicted were proved. (Resp. to Pet'r's Corrected Mem. of Law in Supp. of Pet. for Writ of Habeas Corpus, p. 6).  Specifically, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Here, the trial court interpreted state law in holding a reasonable juror could consider Killam a "victim" within the meaning of the statute establishing Robbery in the First and

9 - OPINION AND ORDER

Second Degrees.  (Resp. to Pet'r's Corrected Mem. of Law in Supp. of Pet. for Writ of Habeas Corpus, pp. 7-8); (O.R.S. § 164.395). Such state law interpretation is binding on this court. <u>See also</u>, <u>Bains v. Cambra</u>, 204 F.3d 964, 972 (9th Cir.) ("federal courts [are] bound by the state court's interpretation of state law"), <u>cert. denied</u>, 531 U.S. 1037 (2000) (internal citation omitted).  As a result, this court would be barred from reviewing such decision, and petitioner's writ for habeas corpus would be denied.

Therefore, because petitioner did not exhaust his claims regarding counts 4 and 6, these claims are procedurally defaulted.  Thus, petitioner's writ for habeas corpus, in this regard, is denied.

C.   <u>Motion for New Trial.</u>

Federal Rules of Appellate Procedure require petitioner's brief to contain "the contentions of the appellant with respect to the issues presented, and the reasons therefore, with citations to the authorities, statutes and parts of the record relied on."  Fed.R.App. 28(a)(4).  Petitioners must "attempt to set forth the legal standards for [their] challenges . . . [and] attempt to meet them."  <u>Renderos v. Ryan</u>, 469 F.3d 788, 800 (9th Cir. 2006).  "Issues raised in a brief which are not supported by argument are deemed abandoned . . . [and courts] will only review an issue not properly presented if [] failure to do so would

result in manifest injustice." <u>Leer v. Murphy</u>, 844 F.3d 628, 634
(9th Cir. 1988).  <u>See</u> <u>also</u> <u>Acosta-Huerta v. Estelle</u>, 7 F.3d 139,
144 (9th Cir. 1993) (petitioner abandoned claims because he
instructed court to look at writ filed in district court, and did
not provide any argument in the brief presented).  <u>See</u> <u>also</u>
<u>United States v. Turner</u>, 898 F.2d 705, 712 (9th Cir.)(claim was
abandoned because petitioner failed to support the claim with
argument, and merely asked the court to adopt arguments of co-
defendants), <u>cert.</u> <u>denied</u>, 495 U.S. 962 (1990).

Here, petitioner's brief alleges due process violations
because a juror saw him in jail clothes, and possibly handcuffs,
outside the courtroom prior to the conclusion of his trial.
(Corrected Mem. of Law in Supp. of Pet'r's. Writ of Habeas
Corpus, pp. 23-24).  Petitioner cited case law regarding visible
shackling of defendants *in the courtroom*.  <u>Id.</u> (emphasis added).
Petitioner failed to offer any legal argument or analysis as to
the case law provided, but merely instructed this court to rely
on facts and arguments presented in petitioner's direct appeal.
<u>Id.</u>  We have no such obligation.  Petitioner failed to provide
sufficient argument in his initial briefs to this court regarding
this claim.  Further, even after respondent requested dismissal
of this claim due to petitioner's failure to argue, petitioner
still failed to respond to the argument or support his claim.
<u>See</u> Resp. to Pet'r's. Corrected Mem. in Supp. for Writ of Habeas

11 - OPINION AND ORDER

Corpus, p. 10.   See generally, Reply to Resp't's. Resp. to Pet.
for Writ of Habeas Corpus.   Petitioner abandoned this claim,
therefore writ is denied.

   Even if this court were to reach the merits of this claim,
the writ would still be denied.   As stated above, "it is not the
province of a federal habeas court to reexamine state-court
determination on state-law questions.   In conducting habeas
review, a federal court is limited to deciding whether a
conviction violated the Constitution, laws, or treaties of the
United States."   Estelle, 502 at 67-68.

   The Oregon state courts at every level of petitioner's
appeal process have reviewed and considered the denial of a new
trial claim on a state and federal level.   Each court affirmed
the trial court's conclusion that circumstances of this case did
not rise to the level of state or federal due process violations.
See Oregon v. Lacy, No. 0105-33701 A117507 (Or.Ct.App. 2005)
(aff. without opinion); Oregon v. Lacy, No.  0105-33701 SC S52275
(Or. 2005) (Pet. for review denied).   We agree with the state
courts' conclusions, and find their decision was not contrary to,
or an unreasonable application of federal law as determined by
the Supreme Court.   28 U.S.C. § 2254(d).

   Because the petitioner abandoned his claims for due process
violation arising from a denial of his motion for a new trial,
and, alternatively, because this court agrees with the state

12 - OPINION AND ORDER

courts' analysis regarding this claim, petitioner's writ is denied.

**CONCLUSION**

Petitioner's federal habeas petition is denied as to all claims and this case is dismissed.

IT IS SO ORDERED.

Dated this *19* day of September 2010.


_____
Ann Aiken
United States District Judge

13 - OPINION AND ORDER